# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENT B. GOLDEN, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | Case No. CIV-11-1071-M |
| WILLIAM S. KEY CORR. CENTER, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Chief United States District Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons stated herein, it is recommended that the petition be dismissed upon filing for Petitioner's failure to exhaust his available state remedies.

By this action Petitioner challenges his conviction following a jury trial for distribution of a controlled dangerous substance, for which he received a sentence of twenty years imprisonment. Petition, 1; Case No. CF-10-171, District Court of Pottawatomie County (Jan. 26, 2011). Petitioner raises four grounds for relief, including violation of his right against double jeopardy, malicious prosecution, "impeachment of evidence," and perjury. Petition, 6-11. This is the second action for federal habeas relief filed by Petitioner in this Court with regard to the above referenced conviction. See Case No. CIV-11-273-M.

That case was dismissed on July 1, 2011, by Chief Judge Miles-LaGrange pursuant to the recommendation of United States Magistrate Judge Robert E. Bacharach, who found that Petitioner had failed to exhaust his available state court remedies. In Judge Bacharach's Report and Recommendation, he noted that Petitioner had failed to either file a direct appeal or seek other state post-conviction relief. He further found that because Petitioner alleged he had not appealed due to the withdrawal of counsel, a return to state court would not be futile as Petitioner could under the circumstances seek to file a direct appeal out of time in the state court.

In the Petition filed herein, Petitioner notes that he has still not filed a direct appeal, but has filed two applications for state post-conviction relief. Although the first such application was denied, and that denial was affirmed on appeal, his second application is still pending. See Petition, 3-4. A check of the electronic docket sheet in Petitioner's state criminal case shows that on September 14, 2011, he filed an application for post-conviction relief seeking a recommendation for an appeal out of time, and that the application is still pending in the District Court of Pottawatomie County. See On Demand Court Records, <http://www1.odcr.com/detail.php?Case=063-CF%20%201000171&County=063-> Case No. CF-2010-0171 (accessed September 29, 2011). In light of these facts, the undersigned finds that Petitioner has failed to exhaust his available state law remedies, and therefore it is recommended that the petition be dismissed on filing.

Title 28 U.S.C. § 2254(b)(1) requires that a state prisoner exhaust his state court remedies before bringing a habeas petition in federal court. In this Circuit, a petitioner may

satisfy the requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (internal citations omitted). See also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Furthermore, Petitioner bears the burden of showing that his state court remedies have been exhausted. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

The undersigned finds it proper to raise the issue of exhaustion sua sponte. Odum v. Boone, 62 F.3d 327, 333 n. 2 (10th Cir. 1995) ("We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion sua sponte."); Darks v. Ward, No. 96-6086, 1997 WL 346044 *1 (10th Cir. June 24, 1997) (upholding sua sponte dismissal because the Oklahoma Court of Criminal Appeals had not yet decided the appeal at the time the habeas petition was filed);[1] Allen v. Zavaras, 568 F. 3d. 1197, 1202 (10th Cir. 2009) (sua sponte dismissal of habeas petition was proper because petitioner's failure to exhaust was clear from the face of the petition).

It is apparent from the allegations in the petition, as confirmed by the state court docket, that Petitioner has not fully exhausted his efforts to seek a direct appeal. The

---

[1] This unpublished decision is cited as persuasive authority pursuant to Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

undersigned has considered the propriety of a stay, but because even without tolling Petitioner would have until February 24, 2012, to file a federal habeas action, and if an appeal out of time is granted it could take substantial time until the outcome were known, dismissal without prejudice is the more appropriate action. Accordingly, the undersigned recommends that the petition be dismissed without prejudice.

**RECOMMENDATION**

For the reasons discussed above, it is recommended that the petition for writ of habeas corpus be dismissed on filing without prejudice due to Petitioner's failure to exhaust his state court remedies. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 20, 2011, in accordance with 28 U.S.C. § 636(b)(1)( B) and Fed.R.Civ.P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is directed to transmit a copy of the petition and the Report and Recommendation to the Attorney General

of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

**ENTERED this 30th day of September, 2011.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE